IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRY AUTON, Individually and as Administrator of the Estate of LELA AUTON,<br><br>               Plaintiff,<br><br>vs.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC., d/b/a CRACKER BARREL,<br><br>               Defendant. | CIVIL NO. 08-777-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on preliminary review of the allegations of federal subject matter jurisdiction asserted in the notice of removal filed by Defendant Cracker Barrel Old Country Store, Inc., d/b/a Cracker Barrel ("Cracker Barrel") on November 5, 2008. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *see also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

Cracker Barrel has removed this action from the Circuit Court of the First Judicial Circuit, Williamson County, Illinois, to this Court in federal diversity jurisdiction, which requires of course that the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens*, 430 F. Supp.

2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).

Although it is apparent from both the notice of removal and the allegations of the underlying state-court complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs,[1] the Court finds that Cracker Barrel, which as the removing party has the burden of establishing federal jurisdiction, *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Cassens*, 430 F. Supp. 2d at 833, has failed properly to allege complete diversity of citizenship.

The notice of removal alleges that "Plaintiff was at the time of the commencement of said action, and ever since, has been, and still is, a citizen of the State of Illinois" (*see* Doc. 2, para. 4). There is a small problem with this allegation because "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 U.S.C. § 1332(c)(2). Thus, the citizenship of Lela Auton, the deceased, matters for purposes of determining jurisdiction, and the notice of removal is silent on this issue. The state court complaint alleges that "Plaintiff and the Deceased were residents of Marion, Williamson County, Illinois," (Doc. 2-3, para. 1), but a party asserting federal jurisdiction must allege the *citizenship* of each party, not the residence. *Held v. Held*, 137 F.3d 998 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994). The Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. *See, e.g., Tylka*

---

[1] The complaint seeks "an amount in excess of $50,0000, plus cost of suit" (*see* Doc. 2-3), and Cracker Barrel points to the alleged serious personal injuries at issue and the resulting wrongful death alleged in the complaint. In light of this information, it does not appear to "a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

*v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). While the Court presumes that Garry Auton and Lela Auton, husband and wife, shared the same citizenship, this must be clear.

Pursuant to 28 U.S.C. § 1653 the Court will grant Cracker Barrel leave to amend the defective allegations of citizenship in its notice of removal. "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). *See also Guaranty Nat'l Title Co.*, 101 F.3d at 59 (noting that dismissal of a case due to defective allegations of federal subject matter jurisdiction is appropriate only when "after multiple opportunities [the parties asserting federal jurisdiction] do not demonstrate that jurisdiction is present[.]"). *See also Bova v. U.S. Bank, N.A.*, Civil No. 06-453-GPM, 2006 WL 2246409, at *7 (S.D. Ill. Aug. 4, 2006) (quoting *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006)) ("A notice of removal may be amended more than thirty days after the time to remove has expired . . . to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.").

Therefore, it is hereby **ORDERED** that Cracker Barrel **SHALL** file an amended notice of removal on or before **December 1, 2008**. Failure to file an amended notice of removal that invokes federal jurisdiction will result in the remand of this action to Williamson County, Illinois.

**IT IS SO ORDERED.**

DATED: 11/12/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge